## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CECIL BARTRAM,**
**Claimant Below, Petitioner**

**vs.)** **No. 21-0479** (BOR Appeal No. 2056051)
(Claim No. 2019019960)

**CORONADO GROUP, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cecil Bartram, by Counsel J. Robert Weaver, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Coronado Group, LLC, by Counsel Steven K. Wellman, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on April 3, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its November 30, 2020, Order. The Order was affirmed by the Board of Review on May 20, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue

1

in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Bartram, an equipment operator, alleges that he developed carpal tunnel syndrome as a result of his job duties. A September 8, 2018, EMG, interpreted by Victor Jaramillo, M.D., showed entrapment neuropathy, mild on the left and moderate on the right, consistent with carpal tunnel syndrome. Cervical radiculopathy could not be ruled out. On February 21, 2019, Dr. Jaramillo found sensory deficit for pinprick and temperature in both hands and forearms upon examination. Tinel's sign was positive in both wrists. He diagnosed polyneuropathy and carpal tunnel syndrome.

C. Dale Cook, PA-C, with Family Healthcare Associates, Inc., saw Mr. Bartram on March 11, 2019, for bilateral hand pain and carpal tunnel syndrome. An EMG was positive for carpal tunnel syndrome. It was noted that Mr. Bartram was previously diagnosed with chronic lumbar pain and high cholesterol. The Employees' and Physicians' Report of Injury was completed on March 11, 2019, and indicates Mr. Bartram developed bilateral carpal tunnel syndrome as a result of his employment.

Mr. Bartram completed a Carpal Tunnel Syndrome Questionnaire on March 20, 2019, in which he indicated he was a strip-mining equipment operator. He operated a loader, dozer, rock truck, and water truck. He also used hand tools. Samuel Muscari, D.O., opined in a March 27, 2019, Carpal Tunnel Syndrome Physician Questionnaire that Mr. Bartram developed carpal tunnel syndrome as a result of repetitive hand movements while operating heavy equipment. The employer completed a Carpal Tunnel Syndrome Employer Questionnaire on March 28, 2019. It indicates Mr. Bartram was a water truck operator, truck operator, loader operator, rock truck operator, and truck scale cleaner. He also picked up trash occasionally. Mr. Bartram drove a large rock truck with power steering and automatic shifting.

Rebecca Thaxton, M.D., performed a Physician Review on April 2, 2019, in which she found that Mr. Bartram does not suffer from occupationally induced carpal tunnel syndrome. She noted that Mr. Bartram's job duties involved driving various trucks and operating equipment. Mr. Bartram reported ten to twelve hours of continuous firm grip, bending, and rotating both wrists. The employer stated that Mr. Bartram drove a large rock truck with power steering and shifting. It stated that there was no need to firmly grip the steering wheel because such trucks are manufactured to be easy to drive. The employer asserted that the wheel was as easy to turn as that

in a normal vehicle. Further, Mr. Bartum's job required a firm grip a few times a day. Mr. Bartram was required to occasionally tighten or loosen nozzles with wrenches but not frequently. Dr. Thaxton opined that Mr. Bartum's job description was not consistent with an increased risk of development of carpal tunnel syndrome. The claims administrator rejected the claim on April 3, 2019.

Mr. Bartram testified in a September 17, 2019, deposition that he drove a water truck but had to run dozers and loaders sometimes. The loaders were operated with joysticks, and he had to operate one for six months when his water truck broke. Mr. Bartram stated that he also used hand tools to service equipment. Mr. Bartram testified that he currently has numbness and tingling in his hands that started three to five years prior. Mr. Bartram stated that he has high blood pressure and smoked cigarettes in the past. Mr. Bartram testified that his symptoms had not improved in the time that he had been off of work. A September 19, 2019, treatment note by Connie Cook, PA-C, indicates Mr. Bartram was seen for hand pain and was diagnosed with carpal tunnel syndrome.

Prasadarao Mukkamala, M.D., performed an Independent Medical Evaluation on September 23, 2020, in which he noted that Mr. Bartram stopped working due to back pain. He underwent left carpal tunnel release eight months prior. The symptoms ceased for two months and then returned. Mr. Bartram stated that his symptoms did not get better after he stopped working. Dr. Mukkamala opined that Mr. Bartram's carpal tunnel syndrome was not the result of his occupational duties. He stated that the fact that Mr. Bartram's symptoms did not improve when he quit working indicates his carpal tunnel syndrome was not the result of his occupational duties. Dr. Mukkamala opined that Mr. Bartram's job duties do not involve the high force, repetitive movements and awkward positioning known to cause carpal tunnel syndrome. He noted nonoccupational risk factors in the form of obesity and generalized polyneuropathy.

The Office of Judges affirmed the claims administrator's rejection of the claim in its November 30, 2020, Order. It found that the most comprehensive evaluation of record was the one performed by Dr. Mukkamala. Dr. Mukkamala stated that Mr. Bartram's work activities were not the kind of forceful repetitive movements known to cause carpal tunnel syndrome. Further, Mr. Bartram's symptoms did not improve when he ceased working. Dr. Mukkamala also noted that Mr. Bartram had confounding conditions in the form of obesity and polyneuropathy, which increase his risk for carpal tunnel syndrome. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 20, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). West Virginia Code of State Rules § 85-20-41.5 provides that workers who perform high force, repetitive manual movements are at high risk for the development of carpal tunnel syndrome. West Virginia Code of State Rules § 85-20-41.4 states that confounding conditions, such as obesity, can precipitate carpal tunnel syndrome symptoms. The evidence indicates that Mr. Bartram's work duties do not involve the kind of high force, repetitive movements known to cause carpal tunnel

syndrome. Further, Mr. Bartram suffers from conditions known to contribute to the development of carpal tunnel syndrome.

Affirmed.

**ISSUED: September 19, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn

**DISSENTING:**

Justice William R. Wooton

Justice William R. Wooton would set the case for Rule 19 oral argument.

4